The opinion of the Court was delivered by
Fenner, J.
The record satisfies ns on the following points :
1. That the defendant, Louisa Prudhomme, was personally liable for the claim of plaintiffs, as her separate debt. She had been judicially separated in property, and was granted, in the judgment of separation, “ the separate control and administration of her paraphernal property and also of all the property she may hereafter acquire, free from the control of defendant,” her husband. After the separation, she conducted business as a public merchant, in her own name, with her own .means, and for her own account. The business was that of a 'grocery store. The goods purchased from plaintiffs were all goods appropriate to her line of business, and were bought either by herself personally, or by her husband, acting as her agent, under an ample notarial power of attorney. A merchant who thus deals with a married woman doing business as a public merchant, is not concerned with the disposition which she or her agent may make of the goods. To hold otherwise would place it in her power.to commit unlimited frauds.
2. That there was proper ground for the attachment issued. She had already disposed of some of her real estate under suspicious circumstances; and that she had the fraudulent design of making way with her stock of goods is apparent from the fact that she did actually and successfully make way with them before the attachment issued *1049 could be executed. Although this disposition took place only after the issuance of the attachment, this cannot prevent the inference that the fraudulent design existed prior thereto. ■
3. The return of the sheriff shows that an actual seizure was made under the writ, and there is no allegation in the pleadings, or sufficient evidence to impeach that return.
4. She and her husband, for the purpose of authorizing her, were both duly cited, and a default was taken against both. Afterwards, she alone appeared and filed answer. It is well settled that, in such state of case, the husband’s authorization is presumed. Gilmore vs. Gilmore, 9 An. 197; Hall vs. Carroll, 10 An. 412; Stone vs. Tew, 9 R. 194; Francois vs. Martin, 28 An. 403.
5. After answer filed, and, indeed, after the case had been partly tried, Louisa Prudhomme died. Plaintiffs, thereupon, suggesting the death, and representing that her minor children were her sole heirs and that they had no qualified tutor, provoked the appointment of the father of the minors as their curator ad hoc, who was duly notified, and contradictorily with whom the suit proceeded to the judgment. This proceeding was in precise accord with the provisions of the Code of Practice, Arts. 120, 116, 113, 361. It was not necessary “to recommence the action,” (C. P. 361) and citation eo nomine to the curator was not essential. It was sufficient to serve him with the petition and order appointing him, and directing that the suit be continued against the heirs through him as curator ad hoc. The counsel who had represented Mrs. Prudhomme prior to her death, continued to act in the proceedings had after the appointment of the curator, and, as they took this appeal in his behalf, it must fairly be presumed that they represented him in those proceedings.
Articles 3036, 1037 and 1038 of the Civil Code, relative to the benefit of inventory and delays for deliberating in succession proceedings, have, in our opinion, no application here.
» The theory of counsel for defendant, that this judgment is absolute against the minors and would affect their whole estate, is utterly unfounded. It is a judgment against them simply in their capacity of heirs of their mother, and necessarily as beneficiary heirs, and could not possibly affect anything but their beneficiary interest in her estate.
6. We agree with the District Judge, that the exception to the plaintiffs’ petition came too late, and was properly disallowed.
Judgment affirmed, at appellant’s cost.